**Owen K. WILLIAMS and wife, Roberta Williams, Plaintiffs/Appellees,**

v.

**Don C. WHITEHEAD, Defendant/Appellant.**

Court of Appeals of Tennessee, Middle Section.

Feb. 26, 1993.

Permission to Appeal Denied by Supreme Court May 24, 1993.

David H. King, King & Turnbow, Franklin, for defendant/appellant.

Gregg A. Stinson, Clarksville, for plaintiffs/appellees.

## OPINION

CANTRELL, Judge.

This is an action for rent under a lease/purchase agreement covering a fish farm. The lessee claims he is excused from paying the rent because of (1) the doctrine of frustration of commercial purpose, (2) the failure of an implied condition, and (3) failure of consideration. The trial judge overruled the lessee's defenses and entered judgment for the lessor. We affirm.

## I.

The appellant did not file a transcript of the evidence, choosing to rely on the trial judge's findings of fact. The portion of the findings relevant to the issues raised on appeal are:

The parties entered into the lease/purchase agreement on or about the first day of June, 1990. The agreement calls for rent in the amount of one thousand dollars ($1,000.00), per month, and gave Whitehead an option to purchase the property. The lease gave Whitehead the right to access to the property immediately for initial improvement. It provided that all improvements or modifications to the out buildings were to be with the written approval of the seller, and that if the option to purchase was not exercised, all improvements would revert to the Williams'. There was also related equipment that was included as reflected on an inventory list attached to the lease agreement. The lease agreement also contained the following provisions as Item # 7: "Farm equipment and facilities not warranted by Seller. Buyer accepts these items as is."

After acquiring the property, Mr. Whitehead promptly set about attempting to get the premises ready for his business. His intentions were to use three (3) ponds as a fish-out facility (which the Court understands to be an operation for members of the public for a fee, in which you are able to catch fish on the property, have your fish cleaned for you, and then take them home to eat). The premises were in a total state of disrepair, to the extent that the ponds had grown up with inch-and-a-half saplings. Mr. Whitehead hired a bulldozer to come in and scrape out the ponds, and proceeded to make preparations for his fish-out operation, such as readying the water lines, water pumps, electricity, and other things necessary. He had been told by Mr. Williams that when he turned on water, the water lines would have leaks in them and he already knew that the ponds didn't hold water in their present condition. Whitehead also hired a company known as Aquatic Eco Systems, to design an aeration system for the ponds. Previously, the ponds had been aerated by pumping in fresh water and the electricity was unusually expensive, so Mr. Whitehead preferred to use an aeration system.

Whitehead was unable to maintain the water level in the ponds, the primary lake water level fell and Whitehead was unwilling to pump water from Jones' Creek because of the fact that a waste treatment facility was located a short distance upstream from the intake point. It was also testified that apparently the

main lake sprang a leak in July, and this became apparent sometime around the 29th of July. A number of remedies were tried, but Whitehead was never able to get the planned catfish operation up and running successfully.

## II.

The defendant asserts that the facts show he was excused from performance because of the doctrine known as frustration of commercial purpose. This defense, related to the older doctrine of impossibility of performance, excuses performance if "the risk of the frustrating event was not reasonably foreseeable and ... the value of counterperformance is totally or nearly totally destroyed...." *North American Capital Corp. v. McCants*, 510 S.W.2d 901 at 904 (Tenn.1974).

In *McCants* the defendant leased a building in anticipation of establishing a federal savings and loan association. When the Federal Home Loan Bank Board refused to issue the defendant a charter he sought to avoid his obligations under the lease because the purpose for which he leased the building was no longer possible. The Supreme Court, however, after finding a total or near total destruction of the purposes for which the lease was entered into, nevertheless held that the failure to obtain a charter was reasonably foreseeable.

In this case, we think the defendant has failed to show that the purpose for which he leased the premises was totally, or nearly so, destroyed. His chief problem, the leak in the main lake, prevented him from maintaining an adequate water level in the ponds, but it does not appear that the problem could not be corrected. The chancellor only found that the defendant had failed to correct it after trying a number of remedies, and he was unwilling to pump water from the creek as his predecessors had.

Neither do we think the condition was unforeseeable. The defendant knew that it was necessary to supplement the water supply in the main lake, even under ideal circumstances. It should have come as no surprise when that task became harder due to the leak.

For these two reasons we hold that the defendant was not excused from performing because of the doctrine of frustration of commercial purpose.

## III.

We will combine the other two reasons the defendant advances for his non-performance. First, he says the agreement contained an implied condition that there would be a main lake furnishing water for the ponds. Second, he says that because the lake became unusable there was a failure of consideration for the lease.

We think the appellant's argument on both counts fails. Again, the proof does not show that the main lake could not have been repaired, and the parties contemplated that the water in the lake would have to be supplemented from some source. Just because that task became harder does not justify the court in finding a failure of consideration. Therefore, we think these two defenses are insufficient to excuse the appellant from paying the rent called for in the lease.

The judgment of the court below is affirmed and the cause is remanded to the Circuit Court of Dickson County for any further proceedings necessary. Tax the costs on appeal to the appellant.

LEWIS and KOCH, JJ., concur.